IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KAREEM A. LATEEF, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:22-CV-093-Z-BR |
| | § | |
| MEDICAL DEPARTMENT, *et al.*, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**TO DISMISS § 1983 CLAIM**

This matter comes before the undersigned upon review of the Complaint, (ECF 3), as required by 28 U.S.C. § 1915A. For the reasons that follow, it is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that the Complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted and lack of jurisdiction.

### I.   BACKGROUND

On April 27, 2022, Plaintiff submitted a handwritten pleading seeking to initiate a civil rights action against a number of entity Defendants for their collective conduct in response to Plaintiff's reported sexual assault. (ECF 3). In short, Plaintiff alleges he was the victim of a sexual assault perpetrated by a fellow inmate. (*Id.* at 4). After submitting a report, Plaintiff alleges no examination of his person or investigation of his claim was conducted. (*Id.*). On March 3, 2023, the undersigned issued an Order to the Attorney General of Texas ("OAG") to investigate Plaintiff's claims and submit its findings to aid the undersigned in assessing their

validity. (ECF 6). OAG declined on May 25, 2023, citing various Fifth Circuit precedent and 11th Amendment immunity. (ECF 8).

## II.  STANDARD OF REVIEW

28 U.S.C. § 1915A requires district courts to, "as soon as practicable," review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The complaint is to be dismissed if it fails to state a claim upon which relief can be granted. *Id.*

## III.  ANALYSIS

It is black letter law that states are immune from suit under the terms of the Eleventh Amendment. *Whole Woman's Health v. Jackson*, 142 S.Ct. 522, 532 (2021). This immunity is jurisdictional in nature. *Watson v. Texas*, 261 F.3d 436, 440 (5th Cir. 2001). Indeed, our federal Constitution does not contemplate federal jurisdiction over suits against nonconsenting states. *Id*.

Of course, Plaintiff does not bring suit against the State of Texas itself; instead, he brings his claims against several entities apparently tied to his unit of incarceration, the William P. Clements Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). (ECF 3). To ascertain whether the immunity afforded to the state extends to the entities named here, the Fifth Circuit has prescribed a six-factor test. *Hudson v. City of New Orleans*, 174 F.3d 677, 681 (5th Cir. 1999). However, not all the factors are created equal. "Because an important goal of the Eleventh Amendment is the protection of state treasuries, [the second factor is] the most significant factor in assessing an entity's status." *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147–48 (5th Cir. 1991). That factor directs courts to "the source of the entity's funding." *Hudson*, 174 F.3d at 681. Other factors to consider include whether the state

itself views the entity as an arm of the state, the entity's degree of autonomy, the focus of the entity, whether the entity exists for juridical purposes, and whether the entity can hold and use property. *Id.*

The listed Defendants in this action are the Medical Department, the Safe Prisons Department, the Office of Inspector General, TDCJ-CID, and the Unit Classification Department. (ECF 3). It is facially apparent that each of these entities are arms of the state government such that they are immune from suit because they derive their funding from state coffers and the state views the entities are one with itself. *See Texas State Agencies & Departments*, https://www.texas.gov/texas-state-agencies-departments/ (last visited June 29, 2023). Furthermore, the entities themselves are concerned with administration of Texas prisons, an undoubtedly statewide interest. On balance, then, it is clear the entities listed are arms of the state and are thus afforded immunity from suit.[1] *Cox v. Texas*, 354 F. App'x 901, 903 (5th Cir. 2009).

It may be that Plaintiff has one or more viable claims to pursue. However, he may not pursue them against entity Defendants who possess immunity from suit.

### IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, it is the recommendation of the United States Magistrate Judge to the United States District Judge that the Complaint, (ECF 3), be dismissed with prejudice for

---

[1] The undersigned offers one caveat as to the Medical Department. It is known to the undersigned that medical services in some Texas state prisons are obtained through outside contractors. Accordingly, the undersigned concludes that if the Medical Department, as named in Plaintiff's suit, is not an arm of the state in that it formally exists and has state employees serving within it, it does not exist as a jural entity and thus cannot be subject to this action because the third party provider would be the proper defendant, not simply 'the Medical Department.'. Fed. R. Civ. P. 17(b); *see also Moody v. Moody*, 613 S.W.3d 707, 714 (Tex.App.—Houston (14th Dist.) 2020, pet. denied).

failure to state a claim upon which relief can be granted and, consequently, lack of jurisdiction. As to these named Defendants, is further recommended that this matter be considered a strike within the meaning of 28 U.S.C. § 1915(g).

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 17, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).